EARLY & CLEMENT GRAIN CO. v. CITY OF WACO. †

(Court of Civil Appeals of Texas. Austin. April 26, 1911. Rehearing Denied May 17, 1911.)

1. TRIAL (§ 250*) — INSTRUCTIONS — APPLICABILITY TO ISSUES.

In an action for injuries from the breaking of a levee as a result of defendant's negligence in the extension of its waterworks system, a charge that defendant had the right to enlarge its system of waterworks and to make the excavation in which to build the tunnels complained of in connection with such enlargement was not error, where it was not denied that defendant had the right to enlarge its waterworks, and there was no evidence that a sufficient supply of water could have been obtained by the construction of a tunnel in any other place.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

2. TRIAL (§ 192*) — INSTRUCTIONS — PROVINCE OF COURT AND JURY—ASSUMPTION AS TO FACT.

It is not error for the court to assume in its charge a fact which is established by uncontroverted testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

3. WITNESSES (§ 237*)—EXAMINATION—QUESTIONS ASSUMING FACTS.

In an action for injuries from the breaking of a levee, there was no error in permitting a question to a witness assuming that the levee gave way, where that fact was uncontroverted.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 829–832; Dec. Dig. § 237.*]

4. APPEAL AND ERROR (§ 1048*) — HARMLESS ERROR.

In cross-questioning a witness, a question complained of as assuming what he had not said is not harmful, where the witness was intelligent, and made it perfectly plain what he did say.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145; Dec. Dig. § 1048.*]

5. APPEAL AND ERROR (§ 1046*)—REVIEW—HARMLESS ERROR—REMARKS OF JUDGE.

The remark of the judge in ruling on an objection to a question to appellant's witness on cross-examination that it assumed what the witness had not said that the court thought the witness would keep it pretty straight was not injurious to appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4134; Dec. Dig. § 1046.*]

6. EVIDENCE (§ 513*) — EXPERT TESTIMONY — EXAMINATION OF WITNESS.

A witness was properly permitted to give his opinion on matters relating to the construction of a tunnel where he was shown to be an expert in such matters, and, in connection with the opinion given, he stated fully all the facts on which they were based.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2317, 2318; Dec. Dig. § 513.*]

7. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTIONS—DISCRETION OF COURT.

The refusal to permit appellants to lead their witness is not an abuse of discretion where it does not appear that he was not willing to answer the questions, nor that he made any attempt to evade any question, nor that he was lacking in intelligence.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 240.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by the Early & Clement Grain Company against the City of Waco. From a judgment for defendant, plaintiff appeals. Affirmed.

Davis & Cocke, for appellant. Lud Williams, for appellee.

JENKINS, J. The Brazos river runs through the city of Waco, dividing it into what is known as "Waco" proper and "East Waco." A portion of East Waco, including that portion where appellants' business house is situated, was formerly subject to overflow by the Brazos river. Some years ago a levee was built which protected East Waco from such overflow. This levee included the waterworks on the north, and extended down the river, so as to protect appellants' place of business. The waterworks were constructed by private parties, the water being supplied by means of tubular wells east of the levee. The city of Waco purchased the waterworks, and by reason of the growth of the city the water supply became insufficient and it was necessary to increase the supply. By special charter the waterworks are under control of a water commission. The water commissioners employed a hydraulic engineer, who, after examining into the matter, advised that a tunnel be constructed from the pumping station to the river, about 1,200 feet, and that additional tubular wells be constructed leading into this tunnel. This work was undertaken. A tunnel had been dug from near the river bank to the levee, a concrete wall had been put in at its mouth to prevent the water of the river flowing into it, and it had been partly bricked when an overflow came. In digging this tunnel manholes had been dug at several places along its length through which to hoist the dirt taken from the tunnel. These had been filled up with fresh earth. Water got into the tunnel by soaking down, and undermined the levee, and caused the same to break, and through said break the water of the river flowed, and overflowed appellants' place of business, and damaged their grain. Appellants brought suit to recover damages for such injury, alleging negligence on the part of appellee (1) in selecting a place for making such extensions to its waterworks which

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

was necessarily dangerous to appellants and others; and (2) in doing the work for such extension in a negligent manner. Trial before a jury resulted in a verdict for defendant, appellee herein, and judgment was entered accordingly.

[1] We will first take up the issue of appellee's alleged negligence in constructing its additional wells between the levee and the river. This is raised by appellants' tenth assignment of error, wherein complaint is made of that portion of the court's charge wherein the jury were told that appellee had "the right under the law to enlarge its system of waterworks and to make the excavations in which to build the tunnels complained of in connection with and in furtherance of such enlargement."

[2] It is not denied that the appellee had the right to enlarge its waterworks, but appellants' proposition is that the court erred in telling the jury that appellee, in furtherance of such enlargement, "had the right to make the excavations in which to build the tunnels complained of, since this was not a mere ignoring of an issue raised by the pleading and the evidence, but was an affirmative instruction to disregard such issue." It is true that this was an issue raised by the pleading, but we do not think it was raised by the evidence. The undisputed evidence shows that appellee employed a hydraulic engineer, whose competency is not questioned, who advised that water could be had by constructing a tunnel from the pumping station to a point near the river bank. Such tunnel was constructed, and an abundant supply of water was obtained. There is not a word of testimony showing that a sufficient supply of water could have been obtained elsewhere. The nearest approach to this is that the tunnel was not dug on the east side of the levee, and appellants say that consequently there is no proof that a sufficient supply could not have been obtained at such place. Neither is there any proof that a sufficient supply could not have been obtained on the opposite side of the river, a mile away, and above overflow. No witness, expert or otherwise, gave an opinion that a sufficient supply of water could probably, or even possibly, have been obtained at any other place or in any other manner than was selected and adopted by appellee. It is not error for the court to assume in its charge a fact which is established by the uncontroverted testimony.

The issue as to whether or not appellee used ordinary care in constructing the tunnel was submitted to the jury under an appropriate charge, and was found in favor of appellee. We are not sure that even this issue was in the case. The undisputed evidence shows that the levee that broke was erected by the appellee's grantor on its own land for its own protection. Afterwards other parties, for their protection, without any consideration being paid to the owners of said levee, or without even their consent, so far as the record shows, joined a levee which they built onto this levee, and extended their levee down the river. As to whether or not the appellee was bound to use ordinary care to maintain this levee which was its own property on its own land is not submitted by appellee. We might perhaps pass upon this under appellants' assignment that the evidence is insufficient to support the verdict, but, as the point has not been raised by appellee, we will not do so.

[3, 4] There was no error in permitting a question to be asked the witness Clement which assumed that the levee gave way. The levee did give way by reason of its being undermined. As to the complaint that counsel for appellee in cross-questioning the witness Harrison was permitted to assume what the witness had not said, the record does not sustain the assignment. Certainly no harm was done the appellants, as the witness was intelligent, and made it perfectly plain what he did say.

[5] In ruling on this objection the court remarked: "I think Mr. Harrison will keep it pretty straight." Appellants assign error on this as "boosting the witness." He was appellants' witness, and no injury was done their cause by this remark of the court.

[6] Objection is made that the witness Harrison was permitted to give his opinion on matters relating to the construction of the tunnel. He was shown to be an expert in such matters, and it was not error to permit him to give his opinion. In connection with the opinions given he stated fully all the facts upon which such opinions were based.

[7] Appellants complain of the refusal of the court to allow them to lead their witness Harrison, who was one of the water commissioners. This is a matter in the discretion of the court. It is not alleged that the witness was unwilling to answer questions, that he made any attempt to evade any question propounded to him by appellants, or that he failed in any instance to fully and frankly answer any question asked him, nor that he was lacking in intelligence, so that it was necessary to lead him in order for him to comprehend the questions propounded. An examination of the record indicates the reverse of all this to be true. The court did not abuse its discretion in this matter.

The evidence being sufficient to support the verdict, and finding no error in the record, the judgment of the trial court herein is affirmed.

Affirmed.